WARNER AMEX CABLE COMMUNICATIONS INC. *vs*. BOARD OF ASSESSORS OF MEDFORD. November 18, 1985. *Taxation,* Personal property tax: machinery; Cable television system.

In the appeal of Warner Amex Cable Communications Inc. (Warner) from a decision of the Appellate Tax Board ruling that certain personal property of Warner was subject to taxation in Medford, two issues are raised that we disposed of in *Warner Amex Cable Communications Inc.* v. *Assessors of Everett, ante* 239 (1985). We need not discuss them here. The board

erred in ruling that Warner's cables over public ways were subject to local taxation. The board was correct in ruling that Warner's converters were subject to local taxation.

There remains only the question whether Warner's so-called "head-end" equipment is machinery used in its business and thus subject to local taxation. The board found that the head-end facility consists mainly of a transmitter, receiver, antennas, modulator, pass band filter, switcher, demodulator, generator, power supply, television, FM video, remote keyboard, air generator, air conditioner, and tower. That facility gathers TV signals and transmits them over the cable distribution system to Warner's subscribers. Although the tower with antennas and a microwave dish would seem not to be machinery (and arguably to be independent of the processing portion of the head-end facility), some of the individual components of the head-end facility are machines in their own right. The parties, however, have treated the head-end facility as a unit, taxable in full or not at all. Warner states in its brief that the head-end equipment is similar in many respects to the converter, although on a larger scale. The head-end equipment processes and combines the signals for the entire system, and the converter performs the same task for the subscriber. The head-end facility is, therefore, machinery used in Warner's business just as the converter is.

The proceedings are remanded to the board for a determination in light of this opinion of the fair cash value of Warner's personal property subject to local taxation.

*So ordered.*

*Walter H. Mayo, III,* for the plaintiff.

*Mark E. Rumley,* Assistant City Solicitor (*Robert J. Blumsack,* City Solicitor, with him) for the defendant.